THE TOWN OF FAIRFAX v. THE TOWN OF FLETCHER.*

*Highway. Apportionment of Expense of Building, upon Town Benefited thereby.*

The supreme court established a highway extending from the town of C., through the plaintiff town, into the town of G., and apportioned one fifteenth of the expense of building the same through the plaintiff town, to be paid by the defendant when the whole road was completed and opened for travel. The plaintiff had constructed a portion of the road through its territory, which did not benefit the defendant, when said court, on petition for that purpose, discontinued the unconstructed portion of the road, without any modification of the judgment establishing the road. *Held*, that the defendant was thereby relieved from liability to the plaintiff for any portion of the expense incurred by the plaintiff in the construction of said road.

ASSUMPSIT to recover one fifteenth of the sum of $4,071.14 expended in the construction of a public highway in the plaintiff town, as hereafter stated. Pleas, the general issue and statute of limitations. Trial by the court, September term, 1873. ROYCE, J., presiding.

It was conceded that upon the petition of Moses McFarland and others against the towns of Fairfax, Georgia, and Cambridge, to the supreme court for Lamoille county, said court at its August term, 1860, established a public highway down the Lamoille River from a point in Cambridge to Georgia depot, in the town of Georgia; that about two miles of said highway was in the town of Fairfax, and that said court, among other things, ordered said town of Fairfax to build and open to public travel that portion of said road laid in said town, on or before the 1st day of October, 1861, and upon due notice and hearing for that purpose, assessed the town of Fletcher to contribute and pay one fifteenth of the expense of building said road in said Fairfax; that afterwards, upon the petition of said town of Fairfax, the time for building said road was extended to October 1st, 1863.

The plaintiff gave evidence tending to show, that in 1865, and more than six years prior to the commencement of this suit, the

---

* This case was decided at the January term, 1874.

town of Fairfax expended under said order of court, the sum of $1,153, in building a bridge on said road and as part of it; that said town, neglecting and refusing to further build said road under said order, was indicted at the September term, 1865, of Franklin county court, for such neglect and refusal, and that a trial was had upon said indictment at the April term, 1866, of said court, and said town, upon the plea of guilty, sentenced to pay a fine of $4,100, and costs, to the treasurer of the state of Vermont, and that said court appointed one Samuel Randall a commissioner to superintend the expenditure of said fine in the building of the said road, and that said commissioner did expend the sum of $2,918.14 thereof.

The defendant objected to this evidence on the ground of variance, and because the plaintiff under its declaration could not recover of the defendant any portion of the money expended by said commissioner. The court overruled the objections, and admitted the evidence; to which the defendant excepted. It is unnecessary to state this part of the case more fully, as this exception is not noticed in the opinion.

It further appeared, that the supreme court for the county of Franklin, at the January term, 1870, upon the petition of G. A. Kimball and others, citizens of Fairfax and Georgia, against the towns of Georgia, Fairfax, Fletcher, Cambridge, and Waterville, by consent of parties, discontinued the unconstructed portion of said highway; that when the same was discontinued, about one half of the portion thereof laid in Fairfax, had been built, and that as built it was of no benefit to the town of Fletcher, but did accommodate a local neighborhood travel in Fairfax.

It also appeared that no money was expended by the town of Fairfax in building said road, except the $1,153, expended in building the bridge as aforesaid, and the money expended by the commissioner as aforesaid.

The defendant insisted that the expense incurred in building the bridge, was barred by the statute of limitations, and that the plaintiff could recover no part of the expense incurred by the commissioner; that these expenses were not incurred in pursuance of the original order, and that the discontinuance of the road as

aforesaid vacated all orders assessing the defendant town to contribute towards the building thereof.

The court, *pro forma*, overruled all these claims of the defendant and rendered judgment for the plaintiff; to which the defendant excepted.

*Powers & Gleed*, for the defendant.

The assessment of one fifteenth of the expense of building the road, was a proceeding in the nature of a tax upon the town of Fletcher. The primary duty of building the road was upon Fairfax; and in order to perfect a cause of action against a town not on the line of the road, to pay towards the expense of building it, every step pointed out by the statute must be strictly pursued. There is no privity of contract between plaintiff and defendant, only by force of the judgment of the supreme court in Lamoille county; and hence, the defendant, being under no duty to build the road, and under no obligation to contribute until the road is built pursuant to the same judgment creating its liability, cannot be charged with the payment of money asssessed upon Fairfax by the judgment of any other court, or expended by Fairfax under any other authority, or in any other manner.

The plaintiff is compelled to show its own wrongful and criminal act in order to prove a liability on the defendant. *Nemo allegans turpitudinem suam audiendus est.* The defendant cannot be held to pay a portion of a fine ROYCE, J., in *State* v. *Fletcher*, 13 Vt. 124, 128. It is claimed by the plaintiff that the imposition of the fine was a mode of enforcing the order of court to build the road. If so, it is believed that this is the first instance in which the grand jury have ever exercised the right of granting a writ of mandamus. The fine is payable to the state treasurer, and under certain circumstances. may be expended on other roads. The whole legislation on the subject, shows that this criminal proceeding is instituted for the punishment of a criminal neglect; and being so, a court of law will not aid a party whose cause of action is grounded in the illegality of his own conduct.

If the expense incurred by Fairfax in the building of this road can be disintegrated, the sum of $1,153 expended in building the bridge is outlawed.

The consideration of the assessment upon Fletcher, is the benefit to accrue from opening a thoroughfare to Georgia depot. This implies that the road be opened, before any liability to contribute becomes fixed. Indeed, the expense of the whole road must be ascertained before it can be determined what Fletcher's one fifteenth will be. The building of the whole road, and its opening for public travel in the mode pointed out by statute, are conditions precedent to a recovery. As it now stands, Fletcher receives no benefit from this expenditure of money. The road is a benefit to Fairfax, accommodating a local neighborhood travel, but affords no facilities for Fletcher to reach Georgia depot.

The discontinuance of the road gives Fairfax no rights as against the defendant, but vacates all orders assessing contiguous towns ; and if Fairfax had any equities growing out of her expenditures, either voluntary or compulsory, she should have looked after them when the question of discontinuance was pending. By consenting to the discontinuance, she waived all claim for contribution.

*Davis & Adams*, for the plaintiff.

The obligation resting upon a town in the vicinity of a town in which a road is laid, to contribute toward the expense of building such road, does not rest upon any express or implied promise, but is a legal obligation created by statute. The road having been established, and the town in which it is laid out having built it, the obligation resting upon the town ordered to contribute, became fixed.

The discontinuance of the road, particularly after the plaintiff had expended the money for which it seeks to recover, in the execution of the original order establishing the road, cannot affect the plaintiff's right of recovery. The order of the court establishing the road, is a judgment, has never been reversed or annulled, and the plaintiff is entitled to the full benefit of it, to the extent of the expenditure made by the plaintiff. The subsequent discontinuance of the road is a new, distinct, substantive proceeding, which does not disaffirm the former proceeding, but, on the contrary, assumes and acts upon it as a valid proceeding. *Kent*

v. *Wallingford*, 42 Vt. 651; *Harrington* v. *Comrs. of Berkshire*, 22 Pick. 263; *Hallock et als.* v. *Inhabitants of County of Franklin*, 2 Met. 558; *Harding* v. *Medway*, 10 Met. 465; *Londonderry* v. *Peru*, 45 Vt. 424.

The fact that the portion of the road built, was of no benefit to Fletcher, can not affect the plaintiff's right of recovery. That question had been settled by the court establishing the road, and is conclusive upon the parties. *Londonderry* v. *Peru*, *supra*. Whatever consideration *ex æquo et bono* there might be, was all determined and fixed by the order of court ordering the defendant to contribute one fifteenth, and can not be revised by any court. This order was a part of the judgment establishing the road, and was, of course, made in the contemplation of the contingency of a discontinuance. And bringing the suit in assumpsit, does not let in any consideration *ex æquo et bono*. The right to maintain this or any other form of action, in this case, is not founded upon an express undertaking or promise of the defendant, nor upon a promise conclusively presumed by law from the existing relations proved between the parties, such as the case where the plaintiff waives a tort and brings assumpsit. But the obligation to contribute is created by statute, and fixed by the order of court, and the liability of the defendant does not arise from any promise, but is imposed upon the defendant without any promise, and in spite of its refusal. *Brookline* v. *Westminster*, 4 Vt. 224; *Central Bridge Corp.* v. *Abbott*, 4 Cush. 473.

The plea of the statute of limitations can not avail. It was the duty of the plaintiff, as was decided in *Brookline* v. *Westminster*, *supra*, to build the road; and the amount for which it could, under the order of court, call upon the defendant to contribute, could not be determined until the road was built, or until the amount expended before discontinuance, was determined. This duty upon the plaintiff was an entire duty; the bridge was a part of the road, and the expense of building it can not be separated from the expense incurred upon the rest of the road; and the plaintiff's claim is subject to the same rules that govern the application of the plea of the statute of limitations to an entire contract. *Wells* v. *Gibson*, 7 Barr, (Penn.) 154.

The opinion of the court was delivered by

Ross, J.   The statute (Gen. Sts., ch. 24, § 65) which confers power upon the court to compel towns other than the one in which a highway is to be built, to contribute towards the building of such highway, provides that the court shall determine, in the manner therein pointed out, that the expense of building the highway would impose an excessive burden upon the town in which the highway is located, and that the construction of the highway will be beneficial to the town called upon to contribute.   The benefit to be derived from the construction of the highway by the town called upon to contribute, seems to be one of the elements, if not the principal element, which confers jurisdiction upon the court to compel such contribution.   The order of the court compelling contribution, is generally made, and the one involved in this case was made, in such a manner that the defendant could not be called upon to contribute one fifteenth of the expense of the highway, until the town asking for contribution had completed and opened the highway for travel.   It is made in this way, in order to insure to the contributing town the benefit intended by the statute, before its inhabitants can be called upon to part with their money to aid in the construction of the highway.   Ordinarily, it is the completion of the entire highway which confers the benefit upon the contributing town.   In most cases the completion of a portion of the highway would furnish no occasion for compelling contribution, upon the ground, either that the expense of constructing such portion would be excessively burdensome upon the town in which the highway is located, or that its construction would be beneficial to the neighboring towns.   It is conceded by the counsel for the plaintiff, that under the original order, the plaintiff would have no right to demand payment of one fifteenth of the expense of the highway until the whole highway named in the order had been completed ; but it is claimed that the action of this court discontinuing the uncompleted portion of the highway, relieved the plaintiff of the necessity of further complying with the order, and gave it the right, immediately to call upon the defendant to pay one fifteenth of what it had expended under the original order. The plaintiff's right to compel contribution from the defendant, is

wholly derived from the order and judgment of the court estab-
lishing the highway. The judgment of this court, discontinuing
the unconstructed portion of the highway, did not touch, modify,
or attempt to modify, the order and judgment of the court which
established the highway, except to relieve the plaintiff from the
burden of building that portion of the highway which was then
unconstructed. The right of the plaintiff to compel contribution
from the defendant was left by the judgment of this court, to re-
main just as it had been established by the order and judgment
of the court which established the highway. The completion and
opening for travel of the whole highway, remained a condition
precedent, which must be performed by the plaintiff before it
could call upon the defendant to pay one fifteenth of the expense
of its construction. It does not follow, because this court discon-
tinued a portion of the higway, that it would have made the order
of contribution on the defendant if the original judgment had
compelled the construction of only that portion of the highway
which the plaintiff has built. The highway as constructed con-
fers no especial benefit upon the defendant, and can furnish very
little if any accommodation to the inhabitants of the town of
Fletcher. It is doubtful whether, under the statute, the court
could lawfully have compelled the defendant to contribute towards
the expense of building that portion of the highway which has
been constructed by the plaintiff. These views, in which we all
concur, render the consideration of the other questions raised by
the counsel for the defendant, unnecessary. The *pro forma* judg-
ment of the county court is reversed, and judgment rendered for
the defendant to recover its costs.